IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HATA ISOVIV,

    Plaintiff,

       v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-5865-TWT

## OPINION AND ORDER

This is an Employee Retirement Income Security Act of 1974 ("ERISA")
case. It is before the Court on Defendant Allsup, LLC's ("Allsup") Motion to
Dismiss [Doc. 6]. As set forth below, Defendant Allsup's Motion to Dismiss
[Doc. 6] is GRANTED.

## I.    Background[1]

This case arises out of a denial of long-term disability ("LTD") benefits.
The Plaintiff is employed as a houseware coordinator for Cort Business
Services Corp. ("Cort Business"). During her employment, the Plaintiff was a
participant in Cort Business's LTD plan (the "Plan"). (Compl. ¶ 3 [Doc. 1]). The
Plan was insured and administered by Defendant Hartford Life and Accident
Insurance Company ("Hartford"). (*Id.*).

---

[1] The Court accepts the facts as alleged in the Complaint as true for
purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941
F.3d 1116, 1122 (11th Cir. 2019).

Since mid-2022, the Plaintiff has been disabled due to an intervertebral lumbar disc disorder. (*Id.* ¶ 8). The Plaintiff sought to acquire benefits under the Plan, which was initially approved by Defendant Hartford. (*Id.* ¶ 9). Under the Plan, an individual has a disability when they are "prevented from performing one or more of the essential duties of [her] occupation during the elimination period and for 24 months following the elimination period and after that any occupation." (*Id.* ¶ 30). The Plaintiff began receiving payments of $2,424.40 per month, which was 60% of her average monthly earnings after the appropriate elimination period. (*Id.*). Additionally, and while the Plaintiff was disabled, she applied for social security disability benefits with the assistance of Defendant Allsup. (*Id.* ¶ 10). She ultimately received approval for such benefits on August 19, 2024. (*Id.* ¶ 15).

Defendant Allsup had been recommended to the Plaintiff by Defendant Hartford. (*Id.* ¶ 11). Defendant Allsup is a nationwide representative that assists claimants with social security disability benefits. (*Id.* ¶ 12). It has represented hundreds of thousands of individuals for social security disability benefits. (*Id.* ¶ 14). Defendant Hartford also contracts with Defendant Allsup to collect overpayment of LTD benefits. (*Id.* ¶ 13). Immediately after the Plaintiff received approval to receive social security benefits, Defendant Allsup notified Defendant Hartford of the approval. (*Id.* ¶ 16). Accordingly, Defendant Hartford's monthly obligation under the Plan to the Plaintiff was reduced to

2

$824.40 per month to offset the social security benefits to be received. (*Id.* ¶ 17).

A day after receiving approval for social security benefits, the Plaintiff received two letters from the Defendants. (*Id.* ¶¶ 18-19). The letters from both Defendants informed the Plaintiff that Defendant Hartford had contracted with Defendant Allsup to collect an overpayment due to Defendant Hartford due to the offset. (*Id.*). A week later, Defendant Allsup transmitted the full amount of the overpayment ($23,520.00) to Defendant Hartford from the Plaintiff's bank account. (*Id.* ¶ 20). Prior to transmitting the full amount of the overpayment to Defendant Hartford, Defendant Allsup did not indicate to the Plaintiff the legal options that Defendant Hartford had to collect the overpayment. (*See id.* ¶¶ 21, 25-26).[2]

About three months later, Defendant Hartford terminated Plaintiff's LTD benefits under the Plan. (*Id.* ¶ 27). In response, the Plaintiff filed a pro se administrative appeal with Defendant Hartford. (*Id.* ¶ 28). As part of the appeals process, Defendant Hartford never requested the Plaintiff's social security file or informed its medical reviewers that the Plaintiff was approved for social security disability benefits. (*Id.* ¶ 29). Ultimately, Defendant Hartford affirmed its decision to terminate the Plaintiff's LTD benefits. (*Id.*).

---

[2] The Plaintiff's Complaint skips from paragraph 21 to paragraph 25, which is likely a clerical error. The citation to the Complaint reflects the paragraphs as numbered within the document rather than their true order.

Accordingly, the Plaintiff filed her Complaint in this Court against the Defendants. (*See generally* Compl.). The Complaint contains four counts against various Defendants seeking damages arising from the termination of the Plaintiff's disability benefits. (*See generally id.*). Defendant Allsup now brings this Motion to Dismiss. (*See generally* Def. Allsup's Mot. to Dismiss [Doc. 6]).

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim; however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the Court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753

F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.    Discussion

Defendant Allsup asserts several arguments requesting dismissal of all state law and ERISA claims against it. In response, the Plaintiff clarified that the only claim she brings against Defendant Allsup is for breach of fiduciary duty. (*See* Pl.'s Br. in Opp'n to Def. Allsup's Mot. to Dismiss, at 7 [Doc. 8]). Because addressing the Motion to Dismiss would require the Court to expend substantial judicial resources in order to attempt to comprehend the pleadings within the Plaintiff's Complaint, the Court sua sponte dismisses the Plaintiff's Complaint as a shotgun pleading.

A party filing in federal court, especially one represented by counsel, is subject to Rule 8's pleading requirements. *See Ashcroft*, 556 U.S. at 663-64. Rule 8(a) plainly states:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

5

> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citation omitted). "Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (citation modified). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation omitted). Thus, "district courts have a duty to *sua sponte* order repleading when faced with a complaint that can be characterized as 'shotgun,'" even when a defendant does not raise the argument that dismissal is appropriate because of the shotgun pleading issue. *Bourjolly v. Werner Auto. Holdings*, 2026 WL 1004619, at *2 (M.D. Fla. Apr. 14, 2026) (citations omitted); *See Vibe Micro, Inc.*, 878 F.3d at 1295 ("In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." (citation omitted)).

6

The reasoning behind the Eleventh Circuit's strict prohibition against shotgun pleadings is well illustrated in *Jackson v. Bank of America, N.A.*, 898 F.3d 1348 (11th Cir. 2018). There, the Eleventh Circuit dealt with facts where the district court dismissed a complaint as a shotgun pleading after the magistrate judge dedicated fifty-four pages and "untold hours" into attempting to comprehend the plaintiff's pleadings to rule on a motion to dismiss. *Id.* at 1357. The Eleventh Circuit affirmed, finding that the plaintiff's lawyer put the magistrate judge in the position of serving as the plaintiff's lawyer by rewriting the complaint "into an intelligible document a competent lawyer would have written." *Id.* The Eleventh Circuit noted that absent dismissal, each response to the plaintiff's complaint would be equally as unintelligible. *Id.* "Put colloquially: garbage in, garbage out." *Id.* Finally, the Eleventh Circuit stated that tolerating shotgun pleadings "constitutes toleration of obstruction of justice." *Id.* The Court finds itself in a similar position here because, without dismissal, both counsel for the Defendants and the Court would be required rewrite the complaint "into an intelligible document a competent lawyer would have written." *See id; see also Farr v. CTG Hosp. Grp.*, 2026 WL 613036, at *3-4, *20-21 (N.D. Ga. Mar. 4, 2026) (declining to rule that a complaint was a shotgun pleading despite its poor formatting, length, and repetition of facts that rendered the complaint over five-hundred paragraphs long because the parties could clearly discern which defendants were responsible for which

7

offenses).

In any case, the Court explains why the Plaintiff's Complaint is a shotgun pleading. There are four rough categories of shotgun pleadings as recognized by the Eleventh Circuit:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

To some degree or another, the Plaintiff's Complaint violates three of the four categories. First, the Plaintiff realleges almost every paragraph in the pleading that came before it in each of the four counts. *See id.* at 1321. Indeed, the Complaint starts with Count One, which contains the entire factual

8

background of the Plaintiff's Complaint without any clear claim of relief. (*See* Compl. ¶¶ 1-34). Count Two realleges paragraphs ¶ 1-33 of the Complaint, omitting one paragraph. (*See id.* ¶¶ 35-36). Count Three realleges all paragraphs in Counts One and Two. (*See id.* ¶¶ 37-38). Finally, Count Four, presumably the state law count, omits the most paragraphs by only realleging all allegations within Count One. (*See id.* ¶¶ 39-50).

The pleading method employed by the Plaintiff is also replete with conclusory, vague, and immaterial facts that are not connected to any cause of action. *See Weiland*, 792 F.3d at 1321-22. Indeed, because the Plaintiff simply realleges the entirety of Count One into Counts Two, Three, and Four, it becomes unclear what relief the Plaintiff attempts to assert in any of the counts. While the Court can somewhat discern that Counts Two and Three concern pleas for interest, attorney's fees, and costs under ERISA, Counts One and Four contain pleas for damages without clearly explaining whether the plea arises out of ERISA or a state-law claim. The lack of clarification is further exacerbated by the fact that Count Four includes *every* paragraph of Count One and adds additional facts. (*See* Compl. ¶¶ 39-50).

Finally, the Plaintiff's Complaint is guilty of "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

9

Throughout the Complaint, the Plaintiff fails to clearly show which counts are asserted against which parties. Count One ends by saying that "Hartford owes Plaintiff her monthly disability benefits of $824.40/month" but makes several allegations against Defendant Allsup in the same count. (*See* Compl. ¶¶ 1-34). Count One also makes several allegations of wrongdoing against both Defendants but fails to explain their relevance to the claim asserted under Count One. (*See id.*). In other words, the Plaintiff has presented the Court with a box of parts and expects the Court to build the claim without providing an instruction manual.

This issue tracks into Counts Two and Three. Those counts simply state that "Defendant owes Plaintiff interest" and "Defendant is responsible to provide Plaintiff" without explaining who "Defendant" is. (*See id.* ¶¶ 36, 38). It is likely for this reason that Defendant Allsup felt it necessary to argue in its Motion to Dismiss against both the ERISA claim and the state-law claims when the Plaintiff intended only to allege the state-law fiduciary claim against it. This is exactly the "garbage in, garbage out" that the Eleventh Circuit warned of in *Jackson*. 898 F.3d at 1357.

Nonetheless, the Plaintiff's response brief contains several clarifications of the Complaint within their responsive briefing to the Motion to Dismiss. First, the Plaintiff explains that only Count Four is asserted against Defendant Allsup and that she does not assert any ERISA claim against it. (Pl.'s Br. in

Opp'n to Def. Allsup's Mot. to Dismiss, at 8, 17-18 [Doc. 8]). Second, for the first time, the Plaintiff explains which state law Count Four arises out of. (*Id.* at 7). But it is well-settled in this Circuit that "[a] complaint may not be amended by briefs in opposition to a motion to dismiss." *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) (citing *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011)). If the Plaintiff seeks to clarify her claims, that should go in the Complaint itself instead of the responsive brief.

Ultimately, as made clear in the course of briefing on Defendant Allsup's Motion to Dismiss, the Plaintiff's Complaint fails to give the Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Accordingly, the Plaintiff's Complaint is due for dismissal. But "[i]n the special circumstance of non-merits dismissals on shotgun pleading grounds, [the Eleventh Circuit has] required district courts to sua sponte allow a litigant *one chance* to remedy such deficiencies." *Vibe Micro, Inc.*, 878 F.3d at 1295 (citations omitted) (emphasis added). "This initial repleading order comes with an implicit 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" *Id.* (citation omitted). Thus, the dismissal of the Plaintiff's Complaint is ordered without prejudice. The Plaintiff will have fourteen days

11

to file an Amended Complaint remedying the pleading defects described above.

### IV.    Conclusion

For the foregoing reasons, Defendant Allsup's Motion to Dismiss [Doc. 6] is GRANTED. If the Plaintiff does not file an Amended Complaint within fourteen (14) days of this Order, this dismissal will be with prejudice.

SO ORDERED, this ____18th____ day of June, 2026.

THOMAS W. THRASH, JR.
United States District Judge

12